IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARY DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-1051 |
| ) | |
| THE BOARD OF EDUCATION OF ) | |
| PEORIA PUBLIC SCHOOL DISTRICT ) | |
| NO. 150, a body corporate and politic, ) | |
| ) | |
| Defendant. ) | |

## MOTION IN LIMINE OF THE PLAINTIFF, MARY DAVIS

COMES NOW the Plaintiff, Mary Davis ['Davis"], by and through her lawyer, James P. Baker, and requests that this Court enter an order barring the parties from presenting evidence either testimonial or documentary and making comments in the presence of the jury during trial concerning:  a) the plea entered by Davis on February 21, 2012 to the misdemeanor charge of attempt to obstructing justice before the Circuit Court of Peoria County, Illinois ["Circuit Court"]; and b) the administrative decision issued by Hearing Officer Robert Fitzgerald and the administrative review decisions thereafter by both the Circuit Court and the Illinois Appellate Court for the Third Judicial District ["Appellate Court"].  In support of this motion Davis states to the Court as follows:

1. That this case arises out of a decision made by the Board of Education of Peoria School District No. 150 ["District"] on June 8, 2010 terminating Davis' employment with it.  In this case Davis claims that she was the victim of reverse discrimination with respect to that decision in the sense that African American administrators alleged to have engaged in conduct which was as or more serious than the conduct alleged against her were treated better than was

Davis.

2. That the termination decision made by the District was, according to it, based upon allegations of improper conduct on the part of Davis in connection with the administration of a student activity fund while she was principal of Lindberg Middle School.  Appended to this instrument as Group Exhibit A are the dismissal resolution, a notice of charges and dismissal issued by the District in June of 2010 and a bill of particulars in support of that decision.

3. That in this case Davis is seeking both economic damages in the form of lost pay and fringe benefits and compensatory damages arising out of the decision made by the District on June 8, 2010.  She is not claiming damages for any time period following her entry to the plea of guilty of the misdemeanor charge she entered on February 21, 2012.

4. That neither the guilty plea nor the facts relating to the misdemeanor charge were known by or served as a basis for the decision of the District to terminate Davis on June 8, 2010.  None of the charges advanced against Davis as referred to on Exhibit A relate to any actions or conduct on her part in providing false information to any law enforcement officer.

5. That in July of 2012, over two years after her termination, the District amended its charges against Davis to include her plea to the misdemeanor in February of 2012.

6. That pursuant to her right under Section 24-12 of the School Code [105 ILCS 5/24-12] Davis requested a hearing to determine whether the District had good cause to terminate her employment.  Because criminal charges against Davis were pending in June of 2010, both Davis and the District agreed to postpone the hearing until the conclusion of the criminal case.  An evidentiary hearing was held in August of 2012 to consider that question before Robert Fitzgerald, a duly appointed hearing officer.  Evidence was presented concerning both the

charges issued in June of 2010 and the amended charges of July, 2012.

7. That Hearing Officer Fitzgerald in November of 2010 found in favor of Davis. Thereafter, the District, pursuant to the "Administrative Review Law" [735 ILCS 5/3-101 et.al.], requested the Circuit Court to review that decision. The Circuit Court reversed the decision of Hearing Officer Fitzgerald and its decision was affirmed by the Appellate Court. Each of those decisions is appended to this instrument as Group Exhibit B.

8. That the decisions of the Circuit Court and the Appellate Court, in overturning the decision of Hearing Officer Fitzgerald, were based largely upon Davis' conduct in connection with her guilty plea.

9. That since the conduct related to the guilty plea was not known by the District at the time it made its discharge decision on June 8, 2010 and Davis is not seeking damages for any losses she occasioned following February 21, 2012, evidence concerning the guilty plea and the decisions of the Circuit Court and the Appellate Court are neither relevant nor material to any issue in dispute in this proceeding. Presenting such evidence to the jury could lead to both unnecessary confusion on the part of the jury and unfair prejudice to Davis.

10. That Rules 402 and 403 of the Federal Rules of Evidence permit the admission at trial of any evidence which make any issue of fact more or less probable. The evidence sought to be excluded has no probative value to any issue which is now in dispute in this proceeding.

WHEREFORE, the Plaintiff, Mary Davis, respectfully requests that this Court enter an order barring the parties from discussing in the presence of the jury presenting either testimonial or documentary proof concerning the following:

A)  the guilty plea entered by Davis on February 21, 2012 before the Circuit Court;

B)  the decision of Hearing Officer Robert Fitzgerald;

C)  the administrative review decision of the Circuit Court; and

D)  the decision of the Appellate Court.

                              MARY DAVIS

                              By:   s/ James P. Baker
                                      Her Attorney

James P. Baker
Bar Number:  0097802
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois  62701
Telephone:  (217) 522-3445
Facsimile:  (217) 522-8234
E-mail:  bms@bbklegal.com
(Pretrial/ davismary motioninlimine 011017)

## CERTIFICATE OF SERVICE

      I hereby certify that on January 23, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stanley Eisenhammer
Babak Bakhtiari
Jason Manning
Hodges, Loizzi, Eisenhammer, Rodick & Kohn, LLP
401 SW Water Street, Suite 106
Peoria, Illinois 61602
Telephone: (309) 671-9000
Facsimile: (847) 670-7334
email: seisenhammer@hlerk.com
email: bbakhtiari@hlerk.com
email: jmanning@hlerk.com

                                                By: s/ James P. Baker
                                                Baker, Baker & Krajewski, LLC